# United States District Court

**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CASE NO. 4:12-cr-98 |
| | § | Judge Crone |
| RONNIE DERRYL LEWIS (1) | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is Defendant's First Motion to Dismiss Indictment (Dkt. #133).

## BACKGROUND

The Government alleges that between July 2008 and March 2010 in the Eastern District of Texas and elsewhere, Ronnie Derryl Lewis, Marcus James Elder, Reggie Dewayne Reese, Kiera Kenrae Davis, Chase Raynard Ashford, Erica Shantay Ashford, Felicia Michele Finch, and Stevie C. Lewis, the Defendants, knowingly and willfully conspired, confederated, and agreed with each other and other individuals both known and unknown to the Grand Jury to devise a scheme and artifice to defraud the insurance companies and to obtain money from the insurance companies by making materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing and attempting to execute the scheme and artifice caused matter to be sent or delivered by the United States Postal Service and by private and commercial interstate carriers, a violation of 18 U.S.C. § 1341 and in violation of 18 U.S.C. § 1349, conspiracy to commit mail fraud.

On May 9, 2012, Defendant was charged in a five-count indictment. On August 15, 2013, the Government superseded the indictment with four additional counts. Count One charges the offense of conspiracy to commit mail fraud under 18 U.S.C. § 1349. Counts Two through Six charge the substantive offenses of mail fraud under 18 U.S.C. § 1341.

On January 18, 2013, Defendant filed a motion to dismiss the indictment (Dkt. #133). On February 8, 2013, the Government filed a response (Dkt. #141).[1]

Rule 12(b)(3)(B) of the Federal Rules of Criminal Procedure supplies the procedural means for a criminal defendant to challenge the sufficiency of an indictment. In general, an indictment is sufficient to survive a motion to dismiss "if it contains the elements of the charged offense, fairly informs the defendant of the charges against him, and insures that there is no risk of future prosecutions for the same offense." *United States v. Cavalier*, 17 F.3d 90, 92 (5th Cir. 1994) (citing *United States v. Arlen*, 947 F.2d 139, 144 (5th Cir. 1991)). The propriety of granting a motion to dismiss an indictment pursuant to Rule 12(b)(3)(B) "is by-and-large contingent upon whether the infirmity in the prosecution is essentially one of law or involves determinations of fact." *United States v. Fontenot*, 665 F.3d 640, 644 (5th Cir. 2011) (quoting *United States v. Flores*, 404 F.3d 320, 324 (5th Cir. 2005)). "If a question of law is involved, then consideration of the motion is generally proper." *Id.* (quoting *Flore*s, 404 F.3d at 324).

The determination of whether an indictment sufficiently alleges the elements of an offense is a question of law properly raised by a motion to dismiss. *United States v. Shelton*, 937 F.2d 140, 142 (5th Cir. 1991). When reviewing a motion to dismiss an indictment for failure to state an offense, a court must take the allegations of the indictment as true and determine whether an offense has been stated. *Fontenot*, 665 F.3d at 644 (citing *United States v. Crow*, 164 F.3d 229, 234 (5th Cir. 1999)). An indictment must allege each and every essential element of the charged offense in order to pass constitutional muster. *Shelton*, 937 F.2d at 142. However, the Court must also be mindful

---

[1] This motion was filed prior to the filing of the Superseding Indictment. The argument raised by Defendant is still applicable to the current indictment.

that "the law does not compel a ritual of words," and that the validity of an indictment depends on practical, not technical, considerations. *United States v. Ratcliff*, 488 F.3d 639, 643 (5th Cir. 2007) (citation omitted). An indictment need only "be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1).

Defendant asserts that the facts alleged by the Government do not amount to a conspiracy to commit mail fraud under 18 U.S.C. § 1349 or mail fraud under 18 U.S.C. § 1341 or 1342. Specifically, Defendant seeks dismissal of Count One because there were no instruments essential to the consummation of the fraud or misrepresentation made to, or relied upon by, the insurance companies that were mailed, and any mailings sent by the insurance companies were sent after fruition or completion of the fraudulent scheme.

To obtain a conviction under the mail fraud statute, 18 U.S.C. § 1341, the Government must prove: "(1) a scheme to defraud; (2) use of the mails to execute that scheme; and (3) the specific intent to defraud." *United States v. Strong*, 371 F.3d 225, 227 (5th Cir. 2004) (quoting *United States v. Bieganowski*, 313 F.3d 264, 275 (5th Cir. 2002)). In order for a mailing to be a part of the execution of a fraudulent scheme, it need not be an essential part of the scheme, but may be "incident to an essential part of the scheme or a step in the plot." *Id.* at 228 (quoting *Schmuck v. United States*, 489 U.S. 705, 710-11 (1989)). However, as the Fifth Circuit has recognized, the Supreme Court's holding in *Schmuck* that a mailing need only be incidental to an essential part of the scheme is "cabined by the materiality of the mailing, as well as its timing: A tangential mailing occurring after the success of a fraud scheme is complete would never qualify, even if the mailing is 'incidental' to a part of the scheme." *Id.* at 229. To be material, a mailing must either advance the fraud or have been integral to it. *Id.* at 230.

The indictment asserts that Defendant caused the delivery by the United States Postal Service or by private and commercial interstate carriers certain vehicle purchasing information and claim checks and insurance documentation concerning stated auto accidents. Defendant argues that any mailing that involved insurance information was a routine mailing required by law, and it only occurred after the members of the Stage Accident Group had met and obtained the approval of an adjuster or appraiser. Defendant further argues that the claim checks mailed by the insurance companies were only a convenient tool to deliver the checks, but were not an essential, necessary, or incidental part or step in the completion of the scheme.

The Government responds that the mailings that distribute proceeds from staged auto accidents are the core of the fraudulent scheme to defraud insurance companies and the mailings are, at the very least, incidental to an essential part of the scheme. The Government further argues that the scheme itself has no purpose, if not for financial gain. The Court agrees with the Government. The Government sufficiently alleged a conspiracy to commit mail fraud. The Court finds that the mailings in this case were incidental to an essential part of the scheme to defraud. Defendant cites no authority that compels a different result.

Defendant also moves to dismiss Count Two, asserting that there is no allegation that Defendant took or received the check, or aided and abetted another, Erica Ashford, to take or receive the check, under false or fictitious name. Defendant also again asserts the argument raised to dismiss Count One. A review of the Superseding Indictment illustrates that the Government has sufficiently alleged the offense of mail fraud.

Defendant next moves to dismiss Counts Three and Four. However, Defendant is not named in these counts and has no standing to challenge them.

Defendant next moves to dismiss Count Five because the mailing of insurance claim information alleged was made as a routine mailing and was not part of the execution of a fraudulent scheme. Defendant asserts that the mailing alleged in this Court was part of the insurance company's routine practice to provide information to all of its customers. The Government does not address this issue. Although not addressed by the Government, the Court finds that Count Five sufficiently alleges a claim for mail fraud.

## RECOMMENDATION

The Court recommends that Defendant's First Motion to Dismiss Indictment (Dkt. #133) be **DENIED**.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(c).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 16th day of October, 2013.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE