# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CASE NO. 4:12-cr-98 |
| | § | Judge Crone |
| RONNIE DERRYL LEWIS (1) | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is Defendant's Third Motion to Dismiss Indictment for Lack of Venue (Dkt. #146).

### BACKGROUND

The Government alleges that between July 2008 and March 2010 in the Eastern District of Texas and elsewhere, Ronnie Derryl Lewis, Marcus James Elder, Reggie Dewayne Reese, Kiera Kenrae Davis, Chase Raynard Ashford, Erica Shantay Ashford, Felicia Michele Finch, and Stevie C. Lewis, the Defendants, knowingly and willfully conspired, confederated, and agreed with each other and other individuals both known and unknown to the Grand Jury to devise a scheme and artifice to defraud the insurance companies and to obtain money from the insurance companies by making materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing and attempting to execute the scheme and artifice caused matter to be sent or delivered by the United States Postal Service and by private and commercial interstate carriers, a violation of 18 U.S.C. § 1341 and in violation of 18 U.S.C. § 1349, conspiracy to commit mail fraud.

On May 9, 2012, Defendant was charged in a five-count indictment. On August 15, 2013, the Government superseded the indictment with four additional counts. Count One charges the offense of conspiracy to commit mail fraud under 18 U.S.C. § 1349. Counts Two through Six charge

the substantive offenses of mail fraud under 18 U.S.C. § 1341.

On February 22, 2013, Defendant filed a motion to dismiss the indictment for lack of venue (Dkt. #146). On February 25, 2013, the Government filed a response (Dkt. #149).[1]

Rule 12(b)(3)(B) of the Federal Rules of Criminal Procedure supplies the procedural means for a criminal defendant to challenge the sufficiency of an indictment. In general, an indictment is sufficient to survive a motion to dismiss "if it contains the elements of the charged offense, fairly informs the defendant of the charges against him, and insures that there is no risk of future prosecutions for the same offense." *United States v. Cavalier*, 17 F.3d 90, 92 (5th Cir. 1994) (citing *United States v. Arlen*, 947 F.2d 139, 144 (5th Cir. 1991)). The propriety of granting a motion to dismiss an indictment pursuant to Rule 12(b)(3)(B) "is by-and-large contingent upon whether the infirmity in the prosecution is essentially one of law or involves determinations of fact." *United States v. Fontenot*, 665 F.3d 640, 644 (5th Cir. 2011) (quoting *United States v. Flores*, 404 F.3d 320, 324 (5th Cir. 2005)). "If a question of law is involved, then consideration of the motion is generally proper." *Id.* (quoting *Flore*s, 404 F.3d at 324).

The determination of whether an indictment sufficiently alleges the elements of an offense is a question of law properly raised by a motion to dismiss. *United States v. Shelton*, 937 F.2d 140, 142 (5th Cir. 1991). When reviewing a motion to dismiss an indictment for failure to state an offense, a court must take the allegations of the indictment as true and determine whether an offense has been stated. *Fontenot*, 665 F.3d at 644 (citing *United States v. Crow*, 164 F.3d 229, 234 (5th Cir. 1999)). An indictment must allege each and every essential element of the charged offense in order

---

[1] This motion was filed prior to the filing of the Superseding Indictment. The argument raised by Defendant is still applicable to the current indictment.

to pass constitutional muster. *Shelton*, 937 F.2d at 142. However, the Court must also be mindful that "the law does not compel a ritual of words," and that the validity of an indictment depends on practical, not technical, considerations. *United States v. Ratcliff*, 488 F.3d 639, 643 (5th Cir. 2007) (citation omitted). An indictment need only "be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1).

The elements of conspiracy to commit mail fraud are the following: (1) that the defendant and one or more persons made an agreement to commit fraud; (2) That the defendant knew the unlawful purpose of the agreement; and (3) That the defendant joined in the agreement willfully, that is, with the intent to further the unlawful purpose. *United States v. Grant*, 683 F.3d 639, 643 (5th Cir. 2012); *United States v. Ford*, 558 F.3d 371, 375 (5th Cir. 2009). The elements of mail fraud are as follows: (1) That the defendant knowingly devised or intended to devise a scheme to defraud; (2) The defendant used, or caused the use of, the mails; and (3) The use of the mails was for the purpose of executing the scheme. *United States v. Ingles*, 445 F.3d 830, 835 (5th Cir. 2006).

When evaluating a motion to dismiss the indictment, allegations contained in the indictment are taken to be true. *United States v. Mann*, 517 F.2d 259, 266 (5th Cir.1975). Defendant has been charged with committing a conspiracy in the Eastern District of Texas, which is sufficient to provide venue in this district for the purposes of the indictment. As the Fifth Circuit discussed in *Solis*, whether venue is ultimately proper in this district can be reconsidered in the context of a motion for judgment of acquittal. *United States v. Solis*, 299 F.3d 420, 444–45 (5th Cir. 2002). After taking the allegations in the Superseding Indictment as true, the Court finds that venue is proper in the Eastern District of Texas.

## RECOMMENDATION

The Court recommends that Defendant's Third Motion to Dismiss Indictment for Lack of Venue (Dkt. #146) be **DENIED**.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(c).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 16th day of October, 2013.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE