# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CASE NO. 4:12-cr-98 |
| | § | Judge Crone |
| RONNIE DERRYL LEWIS (1) | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is Defendant's Fourth Motion to Dismiss Count One of the Superseding Indictment (Dkt. #180).

**BACKGROUND**

The Government alleges that between July 2008 and March 2010 in the Eastern District of Texas and elsewhere, Ronnie Derryl Lewis, Marcus James Elder, Reggie Dewayne Reese, Kiera Kenrae Davis, Chase Raynard Ashford, Erica Shantay Ashford, Felicia Michele Finch, and Stevie C. Lewis, the Defendants, knowingly and willfully conspired, confederated, and agreed with each other and other individuals both known and unknown to the Grand Jury to devise a scheme and artifice to defraud the insurance companies and to obtain money from the insurance companies by making materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing and attempting to execute the scheme and artifice caused matter to be sent or delivered by the United States Postal Service and by private and commercial interstate carriers, a violation of 18 U.S.C. § 1341 and in violation of 18 U.S.C. § 1349, conspiracy to commit mail fraud.

On May 9, 2012, Defendant was charged in a five-count indictment. On August 15, 2013, the Government superseded the indictment with four additional counts. Count One charges the offense of conspiracy to commit mail fraud under 18 U.S.C. § 1349. Counts Two through Six charge

the substantive offenses of mail fraud under 18 U.S.C. § 1341.

Defendant asserts that the Superceding Indictment shows Counts Two through Six are being merged into the single conspiracy charged in Count One, which requires the dismissal of Count One. Defendant further argues that the single conspiracy charged in the Superceding Indictment in this case should be dismissed because, according to the Government, agreements between the others charged in Counts Two through Six were necessary for the completion of those substantive mail fraud offenses alleged as part of the same course of conduct alleged in Count One. Defendant argues that this presupposes some sort of agreement, plan or scheme; in other words, a "conspiracy" was necessary to complete the substantive crimes in Counts Two through Six, just as it is alleged in Count One. Defendant further argues that this is one of those instances where a conspiracy charge may not be added, because the Government alleges the agreements of Lewis, Ashford, Reese, and Ashford were for the completion of the substantive crimes alleged in Counts Two-Six citing *Pinkerton v. United States*., 328 U.S. 640, 643 (1946).

Rule 12(b)(3)(B) of the Federal Rules of Criminal Procedure supplies the procedural means for a criminal defendant to challenge the sufficiency of an indictment. In general, an indictment is sufficient to survive a motion to dismiss "if it contains the elements of the charged offense, fairly informs the defendant of the charges against him, and insures that there is no risk of future prosecutions for the same offense." *United States v. Cavalier*, 17 F.3d 90, 92 (5th Cir. 1994) (citing *United States v. Arlen*, 947 F.2d 139, 144 (5th Cir. 1991)). The propriety of granting a motion to dismiss an indictment pursuant to Rule 12(b)(3)(B) "is by-and-large contingent upon whether the infirmity in the prosecution is essentially one of law or involves determinations of fact." *United States v. Fontenot*, 665 F.3d 640, 644 (5th Cir. 2011) (quoting *United States v. Flores*, 404 F.3d 320,

324 (5th Cir. 2005)). "If a question of law is involved, then consideration of the motion is generally proper." *Id.* (quoting *Flores*, 404 F.3d at 324).

The determination of whether an indictment sufficiently alleges the elements of an offense is a question of law properly raised by a motion to dismiss. *United States v. Shelton*, 937 F.2d 140, 142 (5th Cir. 1991). When reviewing a motion to dismiss an indictment for failure to state an offense, a court must take the allegations of the indictment as true and determine whether an offense has been stated. *Fontenot*, 665 F.3d at 644 (citing *United States v. Crow*, 164 F.3d 229, 234 (5th Cir. 1999)). An indictment must allege each and every essential element of the charged offense in order to pass constitutional muster. *Shelton*, 937 F.2d at 142. However, the Court must also be mindful that "the law does not compel a ritual of words," and that the validity of an indictment depends on practical, not technical, considerations. *United States v. Ratcliff*, 488 F.3d 639, 643 (5th Cir. 2007) (citation omitted). An indictment need only "be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1).

The Government responds that Defendant's motion is predicated upon a faulty premise, namely that Counts Two through Six charge the same conspiracy charged in Count One. The Government asserts that a person may engage in a scheme to defraud whether or not others also agree to participate in that scheme. The Government further argues that conspiracy to commit mail fraud and mail fraud are different offenses. The Court agrees. The elements of conspiracy to commit mail fraud are the following: (1) that the defendant and one or more persons made an agreement to commit fraud; (2) That the defendant knew the unlawful purpose of the agreement; and (3) That the defendant joined in the agreement willfully, that is, with the intent to further the unlawful purpose. *United States v. Grant*, 683 F.3d 639, 643 (5th Cir. 2012); *United States v. Ford*,

558 F.3d 371, 375 (5th Cir. 2009). The elements of mail fraud are as follows: (1) That the defendant knowingly devised or intended to devise a scheme to defraud; (2) The defendant used, or caused the use of, the mails; and (3) The use of the mails was for the purpose of executing the scheme. *United States v. Ingles*, 445 F.3d 830, 835 (5th Cir. 2006).

The Court agrees that the Government is not required to prove an "agreement" in order to prove the commission of mail fraud. Thus, Defendant's argument that Counts Two through Six impliedly require proof of the same agreement alleged in Count One fails. The Court also agrees just because the Government is not required to prove an agreement does not mean that it is forbidden to do so. If the Government is able to prove both an agreement with another to commit a crime, and the commission of the crime, then the Government may obtain convictions for both the conspiracy and the object of that conspiracy.

## RECOMMENDATION

The Court recommends that Defendant's Fourth Motion to Dismiss Count One of the Superseding Indictment (Dkt. #180) be **DENIED**.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(c).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th

Cir. 1988).

**SIGNED this 16th day of October, 2013.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE